IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CAUSE NO. 1:17-cv-00367

TAWANA B. BROOKS, EXECUTOR OF THE
ESTATE OF BETTY PURSER BROOKS            PLAINTIFF

vs.

SSC CONCORD OPERATING COMPANY LLC          DEFENDANTS
d/b/a BRIAN CENTER HEALTH & RETIREMENT/
CABARRUS; NORTH CAROLINA HOLDCO, LLC;
SMV CONCORD, LLC; SAVASENIORCARE
ADMINISTRATIVE SERVICES, LLC;
SAVASENIORCARE, LLC; SAVASENIORCARE
CONSULTING, LLC; LIVING CENTERS-
SOUTHEAST, INC.
_____

**SSC CONCORD OPERATING COMPANY LLC'S
ANSWER TO PLAINTIFF'S COMPLAINT**
_____

**NOW COMES** Defendant, SSC Concord Operating Company LLC d/b/a Brian Center Health & Retirement/Cabarrus ("Brian Center/Cabarrus" or "this Defendant"), by and through its undersigned counsel, and responding to the allegations contained in Plaintiff's Complaint, alleges and states as follows:

### FIRST DEFENSE

This Defendant hereby pleads the applicable statutes of limitations as an affirmative defense and as a complete and total bar to the claims against it in Plaintiff's Complaint.

### SECOND DEFENSE

The allegations contained in Plaintiff's Complaint fail, in whole or in part, to state a claim upon which relief can be granted; and therefore, Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

## THIRD DEFENSE AND ANSWER

1. This Defendant admits the allegations of Paragraph 1 of Plaintiff's Complaint.

2. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the matter asserted in Paragraph 2 of Plaintiff's Complaint and for purposes of pleading denies same.

3. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the matter asserted in Paragraph 3 of Plaintiff's Complaint and for purposes of pleading denies same.

4. This Defendant denies the allegations of Paragraph 4 of Plaintiff's Complaint, except that it admits that it was licensed by the North Carolina Department of Human Resources, Division of Health Service Regulation, to operate and manage Brian Center/Cabarrus located at 250 Bishop Lane, Concord, North Carolina.

5. This Defendant admits the allegations of Paragraph 5 of Plaintiff's Complaint.

6. This Defendant denies the allegations of Paragraph 6 of Plaintiff's Complaint, except it admits that North Carolina Holdco, LLC is a limited liability company organized and existing under the laws of the State of Delaware.

7. This Defendant denies the allegations of Paragraph 7 of Plaintiff's Complaint, except it admits that SMV Concord, LLC is a limited liability company organized and existing under the laws of the State of Delaware.

8. This Defendant denies the allegations of Paragraph 8 of Plaintiff's Complaint, except it admits that SavaSeniorCare Administrative Services, LLC; SavaSeniorCare, LLC; and SavaSeniorCare Consulting, LLC are all limited liability companies organized and existing under the laws of the State of Delaware.

9. This Defendant denies the allegations of Paragraph 9 of Plaintiff's Complaint, except that it admits that Living Centers-Southeast, Inc. is a corporation created and existing under the laws of the State of North Carolina.

10. This Defendant denies the allegations of Paragraph 10 of Plaintiff's Complaint.

11. This Defendant denies the allegations of Paragraph 11 of Plaintiff's Complaint.

12. Paragraph 12 of Plaintiff's Complaint contains legal statements and conclusions to which no response is required. To the extent this paragraph of Plaintiff's Complaint could be construed to assert claims or allegations against this Defendant, the same are denied.

13. Paragraph 13 of Plaintiff's Complaint contain legal statements and conclusions to which no response is required. To the extent that this paragraph of Plaintiff's Complaint could be construed to assert claims or allegations against this Defendant, the same are denied.

14. This Defendant reasserts and realleges answers to Paragraphs 1 through 13 as its answer to Paragraph 14 of Plaintiff's Complaint.

15. This Defendant denies the allegations of Paragraph 15 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts, but admits that Ms. Brooks had been a resident at an assisted living facility and had been hospitalized at Carolina Medical Center prior to her admission to Brian Center/Cabarrus on May 8, 2015.

16. This Defendant denies the allegations of Paragraph 16 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

17. This Defendant denies the allegations of Paragraph 17 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

18. This Defendant admits the allegations of Paragraph 18 of Plaintiff's Complaint.

19. This Defendant denies the allegations of Paragraph 19 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

20. This Defendant denies the allegations of Paragraph 20 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

21. This Defendant denies the allegations of Paragraph 21 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

22. This Defendant denies the allegations of Paragraph 22 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

23. This Defendant denies the allegations of Paragraph 23 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

24. Paragraph 24 of Plaintiff's Complaint contain legal statements and conclusions to which no response is required. To the extent this paragraph of Plaintiff's Complaint could be construed to assert claims or allegations against this Defendant, the same are denied.

25. This Defendant admits the allegations of Paragraph 25 of Plaintiff's Complaint.

26. This Defendant denies the allegations of Paragraph 26 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

27. This Defendant denies the allegations of Paragraph 27 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

28. This Defendant denies the allegations of Paragraph 28 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

29. This Defendant denies the allegations of Paragraph 29 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

30. This Defendant denies the allegations of Paragraph 30 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

31. This Defendant denies the allegations of Paragraph 31 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

32. This Defendant denies the allegations of Paragraph 32 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

33. This Defendant denies the allegations of Paragraph 33 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

34. This Defendant denies the allegations of Paragraph 34 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

35. This Defendant denies the allegations of Paragraph 35 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

36. This Defendant denies the allegations of Paragraph 36 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

37. This Defendant denies the allegations of Paragraph 37 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

38. This Defendant denies the allegations of Paragraph 38 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

39. This Defendant denies the allegations of Paragraph 39 of Plaintiff's Complaint as an incomplete and/or inaccurate statement of the medical facts.

40. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the matter asserted in Paragraph 40 of Plaintiff's Complaint and for purposes of pleading denies same.

41. This Defendant admits the allegations of Paragraph 41 of Plaintiff's Complaint.

42. This Defendant reasserts and realleges answers to Paragraphs 1 through 41 as its answer to Paragraph 42 of Plaintiff's Complaint.

43. This Defendant denies the allegations of Paragraph 43 of Plaintiff's Complaint.

44. Paragraph 44 of Plaintiff's Complaint are legal conclusions and not allegations of fact and, thus, do not require a response from this Defendant; however, should a response be required, they are denied.

45. Paragraph 45 of Plaintiff's Complaint are legal conclusions and not allegations of fact and, thus, do not require a response from this Defendant; however, should a response be required, they are denied.

46. Paragraph 46 of Plaintiff's Complaint are legal conclusions and not allegations of fact and, thus, do not require a response from this Defendant; however, should a response be required, they are denied.

47. This Defendant denies the allegations of Paragraph 47, including subparagraphs (a.) through (n.), of Plaintiff's Complaint.

48. This Defendant denies the allegations of Paragraph 48 of Plaintiff's Complaint.

49. This Defendant denies the allegations of Paragraph 49 of Plaintiff's Complaint.

50. This Defendant denies the allegations of Paragraph 50 of Plaintiff's Complaint.

51. This Defendant denies the allegations of Paragraph 51 of Plaintiff's Complaint.

52. This Defendant denies the allegations of Paragraph 52 of Plaintiff's Complaint.

53. This Defendant denies the allegations of Paragraph 53 of Plaintiff's Complaint.

This Defendant denies the Plaintiff is entitled to the relief requested in the last unnumbered paragraph of Plaintiff's Complaint beginning with "WHEREFORE," and including subparagraphs

6

Case 1:17-cv-00367-WO-JEP   Document 19   Filed 04/28/17   Page 6 of 9

1 through 4. This Defendant denies that the Plaintiff is entitled to relief of judgment from it in any amount or type whatsoever.

## FOURTH DEFENSE

The Defendant facility hereby alleges and states that at all time relevant to Plaintiff's Complaint the care and treatment provided to Betty Purser Brooks was in accordance with the standards of practice applicable to members of the same healthcare profession with similar training and experience, situated in the same or similar communities.

## FIFTH DEFENSE

The Defendant facility further alleges that its conduct was at all times in conformance with the applicable standard of care and that no act or alleged omission of the Defendant facility was a proximate cause of any harm or injury to Betty Purser Brooks or the Plaintiff and asserts such as a complete bar to recovery by Plaintiff.

## SIXTH DEFENSE

If the Court should find that the Plaintiff has failed to properly comply with Rule 9(j) of the North Carolina Rules of Civil Procedure the Defendant facility would assert that the Plaintiff's claims against it are invalid and should be dismissed with prejudice.

## SEVENTH DEFENSE

The Defendant facility asserts that Plaintiff has failed to state a claim upon which relief can be granted, in whole or in part, and as such the Plaintiff's claims against it should be dismissed with prejudice, in whole or in part, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## EIGHTH DEFENSE

The Defendant facility hereby gives notice that it intends to rely upon such other defenses as may become available or appear during investigation and discovery in this case and hereby reserves the right to Amend this answer to assert any such defense, including those found in Rule 12(h).

**WHEREFORE,** having fully responded to the allegations contained in Plaintiff's Complaint, this Defendant prays unto this Court as follows:

a). That Plaintiff's Complaint be dismissed with prejudice in whole or in part if so applicable;

b.) That all issues of fact be tried by a jury;

c). That this Defendant have and recover its costs in this action, including attorney's fees and

d.) For such other and further relief as this Court deems just and proper.

Respectfully submitted this, the 28th day of April, 2017.

**SSC CONCORD OPERATING COMPANY LLC d/b/a BRIAN CENTER HEALTH & RETIREMENT/CABARRUS**

**HAGWOOD ADELMAN TIPTON PC**

**BY:** */s/   David M. Eaton*
**Carl Hagwood (NC Bar No. 43919)**
**David M. Eaton (NC Bar No. 49998)**

HAGWOOD ADELMAN TIPTON PC
100 North Churton Street, Suite 204
Hillsborough, NC 27278-2534
Telephone (704) 676-6066
Facsimile (704) 676-6068
Email: chagwood@hatlawfirm.com

HAGWOOD ADELMAN TIPTON PC
P. O. Box 41147
Nashville, TN 37204-1147
Telephone (615) 661-7820
Facsimile (615) 661-7236
Email: deaton@hatlawfirm.com

**CERTIFICATE OF SERVICE**

     This is to certify that the undersigned has this day served the foregoing document on all of the parties to this cause by:

\_\_\_\_\_ Hand delivering a copy hereof to each party's attorney as listed below

\_\_\_\_\_ Depositing a copy hereof, postage paid, in the United States Mail, addressed to each party's attorney as listed below

\_\_\_\_\_ Depositing a copy hereof with a nationally recognized overnight courier service, for overnight delivery, addressed to each party's attorney as listed below

\_\_\_\_\_ Telecopying a copy hereof to each party's attorney as listed below

\_\_X\_\_ Electronically filing a copy of hereof with the Court's electronic case filing system which will send electronic mail notification of the filing of the foregoing document to each party's attorney as listed below

\_\_\_\_\_ Sending via electronic mail to each party's attorney as listed below

        **Philip R. Miller, III, Esq.**
        **Lauren N. Raynor, Esq.**
        **Blanchard, Miller, Lewis & Isley, P.A.**
        **1117 Hillsborough Street**
        **Raleigh, NC 27603**

This, the 28th day of April, 2017.

                      **BY:** */s/ David M. Eaton*
                            David M. Eaton

9

Case 1:17-cv-00367-WO-JEP   Document 19   Filed 04/28/17   Page 9 of 9